UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No. | LA CV12-04049 JAK (JEMx) | Date | July 30, 2012 |
| Title | Trustees of The Southern California IBEW-NECA Pension Trust Fund, et al. v. PC Electrocraft, Inc. | | |

| | |
|---|---|
| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE |
| Andrea Keifer | Alex Joko |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| J. Paul Moorhead | Not Present |

**Proceedings:** **PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT (Dkt. 9)**

The motion hearing is held. Counsel for Plaintiffs represents that Plaintiffs have had no direct communications with Defendant, and that there is no indication that Defendant will seek relief from default in this matter.

The Court states its detailed, tentative views on the record and is inclined to grant Plaintiffs' motion for default judgment. In this action, Plaintiffs seek to collect unpaid fringe benefit contributions allegedly owed by Defendant pursuant to various collective bargaining agreements. Defendant has not appeared in this action. The Clerk entered default on June 28, 2012. Dkt. 9. Plaintiffs timely moved for default judgment.

Defendant performed electrical work for various public works projects, and was required to pay contributions for employee fringe benefits. Plaintiffs have alleged breach of contract and failure to pay contributions, in violation of Section 515 of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1145. Plaintiffs are owed unpaid contributions, liquidated damages, pre- and post-judgment interest, and attorney's fees and costs, under both their breach of contract and ERISA claims. Plaintiffs seek unpaid contributions of $381,173.29, liquidated damages of $27,840.34, pre-judgment interest of $3,806.10, post-judgment interest pursuant to statute, attorney's fees of $15,660.00, and costs of $409.00.

Plaintiffs have satisfied the requirements for default judgment under Local Rule 55-1. Plaintiffs have identified the party against whom, and the pleading for which, default has been entered. Plaintiffs have declared that Defendant is not an infant or an incompetent person, and has declared that the Servicemembers Civil Relief Act, 50 App. U.S.C. § 521, does not apply. Plaintiffs provided Defendant with notice of default and of this motion, and has submitted evidence of damages.

The Court has evaluated the seven factors laid out in *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986) in considering whether to enter default judgment: (1) the possibility of prejudice to Plaintiffs; (2) the merits of Plaintiffs' substantive claim; (3) the sufficiency of the Complaint; (4) the sum of money at stake;

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV12-04049 JAK (JEMx) | Date | July 30, 2012 |
| Title | Trustees of The Southern California IBEW-NECA Pension Trust Fund, et al. v. PC Electrocraft, Inc. | | |

(5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong public policy favoring decisions on the merits. These factors strongly favor entry of default judgment: Plaintiffs would be without a remedy if default judgment is not entered; Plaintiffs have sufficiently pleaded their breach of contract and ERISA claims; the amount of money at stake is commensurate with Plaintiffs' claims; Defendant has not presented any dispute; and there is no showing of excusable neglect. Although public policy favors decisions on the merits, this is not strong enough to outweigh the other *Eitel* factors. Although the Complaint did not specify an exact amount of damages, it does specify the manner in which damages would be calculated, and because Defendant was a party to the relevant agreements, Defendant has sufficient notice of the damages Plaintiffs seek. Plaintiffs have provided evidence sufficient to justify their calculations of unpaid contributions, liquidated damages, and pre-judgment interest. Plaintiffs have also provided evidence of the attorney's fees and costs requested. Post-judgment interest shall be calculated in accord with 28 U.S.C. § 1961. The Court has evaluated the requested attorney's fees in light of the factors of *Van Gerwen v. Guarantee Mutual Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000): (1) the time and labor required; (2) the novelty and difficulty of the issues; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment Plaintiffs' counsel due to acceptance of the case; (5) the customary fee; (6) time limitations imposed by the client or the circumstances; (7) the amount involved and the results obtained; (8) the experience, reputation and ability of the attorneys; (9) the "undesirability" of the case; (10) the nature and length of the professional relationship with Plaintiffs; and (11) awards in similar cases. The Court is mindful of the fee schedule specified by Local Rule 55-3, but Plaintiffs have appropriately requested a departure from the schedule. The Court finds the number of hours worked, and the hourly rates requested, reasonable and appropriate. The Court finds the requested costs reasonable and appropriate. Thus, the Court approves the requested attorney's fees and costs.

The Court adheres to its tentative views and GRANTS Plaintiffs' motion for default judgment.

**IT IS SO ORDERED.**

| | : | 09 |
|---|---|---|
| Initials of Preparer | ak | |