**LAQUER, URBAN, CLIFFORD & HODGE LLP**
J. Paul Moorhead, State Bar No. 240029
Email: Moorhead@luch.com
225 South Lake Avenue, Suite 200
Pasadena, California 91101-3030
Telephone: (626) 449-1882
Facsimile: (626) 449-1958

Counsel for Plaintiffs, Trustees of the Southern California
IBEW-NECA Pension Plan, et al.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRUSTEES OF THE SOUTHERN CALIFORNIA IBEW-NECA PENSION PLAN, et al.,<br><br>Judgment Creditors,<br><br>v.<br><br>PC ELECTROCRAFT, INC., etc.<br><br>Judgment Debtor. | Case No.: CV 12-04049 JAK (JEMx)<br><br>Assigned to the Honorable John A. Kronstadt<br><br>**DECLARATION IN SUPPORT OF EX PARTE APPLICATION FOR ORDER FOR SERVICE OF PROCESS BY REGISTERED PROCESS SERVER**<br><br>[LOCAL RULES 7-19 and 64-2]<br><br>[NO HEARING REQUIRED] |

I, J. Paul Moorhead, declare:

1.   I am licensed to practice law in the State of California and before this Court. I am associated with Laquer, Urban, Clifford & Hodge LLP ("LUCH"), attorneys of record for the Trustees of the Southern California IBEW-NECA Pension Plan, Trustees of the Southern California IBEW-NECA Health Trust Fund, Trustees of the Los Angeles County Electrical Educational and Training Trust Fund, Trustees of the Southern California IBEW-NECA Labor-Management Cooperation Committee, Trustees of the National Electrical Benefit Fund, Contract Compliance

/ /

1

1 Fund and the Los Angeles Electrical Workers Credit Union (collectively "Judgment
2 Creditors") in the above-entitled action.

3     2.    Judgment was entered herein on August 10, 2012, in favor of the
4 Judgment Creditors and PC Electrocraft, a California corporation, also doing
5 business as "P C Electro Craft Inc." ("Judgment Debtor").  Said Judgment has not
6 been vacated or reversed and the amount of $48,011.61 is owing and unpaid.  There
7 is no stay of execution as to the Judgment Debtor.

8     3.    A writ has been submitted for issuance by the Clerk of the United States
9 District Court, Central District of California.

10     4.    Judgment Creditors wish to have any writ of execution issued herein
11 served by a licensed private process server because the United States Marshals
12 Office no longer provides for the service of writs, levies, garnishments, etc., through
13 their office.  On April 25, 2012, our office spoke with Sandy Sanez, Civil
14 Process/Seizure Specialist for the United States Marshals Office.  Ms. Sanez
15 explained that the United States Marshals Office will not serve bank levies, wage
16 garnishments or levies on third party accounts.  Ms. Sanez stated that this has been
17 the policy of the United States Marshals Office for more than 20 years.  Ms. Sanez
18 further explained that the United States Marshals Office will only serve levies
19 associated with seizures of physical objects.  Ms. Sanez stated that the Marshals
20 Office remains the levying officer, so that once a levy is served by a process server,
21 any applicable funds will be sent to the United States Marshals Office.  The private
22 process server only serves the levy documents and does not handle any of the funds.
23 Entry of an order for service of process by registered process server is necessary to
24 enable the Judgment Creditors to proceed with collection of the Judgment.

25     5.    Judgment Creditors submit this *ex parte application* without notice to
26 the Judgment Debtors to avoid alerting the Judgment Debtor of the issuance of a writ
27 of execution.  Judgment Debtor has refused to pay fringe benefit contributions and
28 related amounts owed to Judgment Creditors despite repeated attempts to collect

1  these amounts, which has necessitated the present action.  Judgment Debtor is well
2  aware of the amounts owed to Judgment Creditors.  LUCH has been handling similar
3  actions for over 30 years.  In the experience of our firm, when a Judgment Debtors is
4  made aware of the issuance of a writ of execution and have demonstrated an
5  unwillingness to pay an outstanding debt, such Judgment Debtor usually removes
6  funds from its accounts in order to avoid collection by creditors, as these funds are
7  liquid and may be easily dissipated prior to levy.  For this reason, Judgment
8  Creditors request that the Court hear this *ex parte application* without notice to
9  Judgment Debtor, as permitted by Local Rule 7-19.2.

10  I declare under penalty of perjury under the laws of the United States of
11  America that the foregoing is true and correct, and that this declaration is executed
12  on August 29, 2012, at Pasadena, California.

By: /s/*J. Paul Moorhead*
J. Paul Moorhead