**LAQUER, URBAN, CLIFFORD & HODGE LLP**
J. Paul Moorhead, State Bar No. 240029
  Email: moorhead@luch.com
225 South Lake Avenue, Suite 200
Pasadena, California 91101-3030
Telephone: (626) 449-1882
Facsimile: (626) 449-1958

Counsel for Plaintiffs, Trustees of the Southern California
IBEW-NECA Pension Plan, et al.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRUSTEES OF THE SOUTHERN CALIFORNIA IBEW-NECA PENSION PLAN, et al.,<br><br>    Plaintiffs / Judgment Creditors,<br><br>vs.<br><br>PC ELECTROCRAFT, INC., etc.<br><br>    Defendant / Judgment Debtor. | Case No.: CV 12-04049 JAK(JEMx)<br><br>Assigned to the Honorable<br>John A. Kronstadt<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF APPLICATION FOR AN ORDER TO SHOW CAUSE RE: CONTEMPT AND FOR SANCTIONS**<br><br>Requested Date for OSC:<br>   March 25, 2013, at 8:30 a.m. |

Judgment Creditors Trustees of the Southern California IBEW-NECA Pension Plan, et al. (the "Trustees"), submit the following Memorandum of Points and Authorities in Support of its Application for an Order to Show Cause Re: Contempt and for Sanctions.

## 1. INTRODUCTION.

The Trustees filed this action against Judgment Debtor PC Electrocraft ("PC Electrocraft") for failure to pay collectively bargained fringe benefit contributions. On August 10, 2012, the court entered a judgment in favor of the Trustees, requiring that

///

1  PC Electrocraft to pay the Trustees $412,819.73, plus attorneys' fees of $15,660.00 and
2  costs of suit of $409.00.  Decl. Moorhead ¶ 2, Ex. A

3  On November 19, 2012, Magistrate Judge John E. McDermott entered an "Order
4  for Appearance of Frank Colaruotolo, Officer of Defendant and Judgment Debtor."
5  This Order required that Frank Colaruotolo appear for examination and produce certain
6  requested documents on January 8, 2013.  Judge McDermott's Order was personally
7  served on Frank Colaruotolo on November 27, 2012.  Decl. Moorhead ¶ 3, Exs. B, C.
8  Frank Colaruotolo ignored the Court's order by failing to appear and/or produce any
9  documents itemized in the order.  Decl. Moorhead ¶ 4, Ex. D.

10  Trustees request that this Court order Frank Colaruotolo to show cause why he
11  should not be held in contempt for his failure to comply with Judge McDermott's Order
12  for Appearance, and for sanctions.

## 2. FRANK COLARUOTOLO'S REFUSAL TO APPEAR AND PRODUCE DOCUMENTS IN RESPONSE TO THE COURT'S ORDER IS GROUNDS FOR CONTEMPT.

District courts have the power to punish disobedience of Court orders by imposing both civil and criminal contempt.  United States v. Rose, 806 F.2d 931, 933 (9th Cir. 1986).  Decisions regarding discovery sanctions and findings of contempt are within the sound discretion of the district court.  *See* Richmark Corp. v. Timber Falling Consultants, 959 F.2d 1468 (9th Cir. 1992) [stating that rulings compelling discovery, imposing discovery sanctions, finding contempt and awarding sanctions for contempt are within the discretion of the trial court].

The Ninth Circuit has instructed that civil contempt is designed to induce compliance with a Court order, or to compensate the "contemnor's adversary" for the injuries which result from the noncompliance.  Rose, *supra*, 806 F.2d at 933; United States v. Powers, 629 F.2d 619, 627 (9th Cir. 1980), Gompers v. Bucks Stove & Range Co., 221 U.S. 418, 441 (1911).

The District Court is expressly authorized to find certain conduct in "civil"

1  contempt by 28 U.S.C. Section 1826(a), which provides:

2  "Whenever a witness in any proceeding before or ancillary to any court or grand
3  jury of the United States refuses without just cause shown to comply with an
4  order of the court to testify or provide other information, including any book,
5  paper, document, record, recording or other material, the court, upon such refusal,
6  <u>or when such refusal is duly brought to its attention</u>, may summarily order his
7  confinement at a suitable place until such time as the witness is willing to give
8  such testimony or provide such information." [Emphasis added].

9  The sanctions which accompany a finding of civil contempt are conditioned upon
10 the contemnor's continuing noncompliance and are limited to monetary sanctions or
11 imprisonment until the contemnor complies with the order.  *See* <u>Rose</u>, *supra*, 806 F.2d
12 at 933; <u>Powers</u>, *supra*, 629 F.2d at 627. Criminal contempt requires "willful
13 disobedience of a clear and definite court order." <u>Rose</u>, *supra*, 806 F.2d at 933 (citing
14 <u>Powers</u>, 629 F.2d at 627).  As the <u>Rose</u> court observed, "Punishment for criminal
15 contempt 'serves to vindicate the authority of the court and does not terminate upon
16 compliance with the court's order.'"  <u>Id.</u> (quoting <u>Powers</u>, 629 F.2d at 627).

17 The procedure for punishing a contemnor for criminal and/or civil contempt is
18 provided in the Fed. R. Crim. Proc. 42:

19 (a) Disposition After Notice.  Any person who commits criminal contempt may
20 be punished for that contempt after prosecution on notice.

21 (1) Notice. The court must give the person notice in open court, in an order
22 to show cause, or in an arrest order. The notice must:

23 (A) state the time and place of the trial;
24 (B) allow the defendant a reasonable time to prepare a defense; and
25 (C) state the essential facts constituting the charged criminal
26 contempt and describe it as such.
27 (2) Appointing a Prosecutor. The court must request that the contempt be
28 prosecuted by an attorney for the government, unless the interest of justice

> requires the appointment of another attorney. If the government declines the request, the court must appoint another attorney to prosecute the contempt.
>
> (3) Trial and Disposition. A person being prosecuted for criminal contempt is entitled to a jury trial in any case in which federal law so provides and must be released or detained as Rule 46 provides. If the criminal contempt involves disrespect toward or criticism of a judge, that judge is disqualified from presiding at the contempt trial or hearing unless the defendant consents. Upon a finding or verdict of guilty, the court must impose the punishment.

*See* United States v. Alter, 482 F.2d 1016, 1023 (9th Cir. 1973) [Although Rule 42 is labeled "criminal," the procedural requirements of the rule apply equally to civil contempt proceedings].

Whether this Court chooses to deal with Frank Colaruotolo by finding him in civil contempt, criminal contempt, or both, is left to the sound discretion of the Court. *See* Richmark Corp., *supra*, 959 F.2d at 1473. Nevertheless, the Ninth Circuit has repeatedly held that "[i]f a person disobeys a specific and definite court order, he may properly be adjudged in contempt." In re Crystal Palace Gambling Hall, Inc., 817 F.2d 1361, 1365 (9th Cir. 1987) (citing Shuffler v. Heritage Bank, 720 F.2d 1141, 1146 (9th Cir. 1983).

The Ninth Circuit has also observed that failure to take "all reasonable steps" to insure compliance with the Court's Order constitutes contempt. *See* In re Crystal Palace, *supra*, 817 F.2d at 1365. It does not matter what the intent of the contemnor was when it disobeyed the court's order, nor does the contempt have to be willful. Id. "All orders and judgments of courts must be complied with promptly." Id. There is no "good faith" exception to the requirement of obedience to a court order. Id.

The facts of the present case clearly indicate that Frank Colaruotolo has qualified as a candidate for both civil and criminal contempt. Indeed, the same conduct may

result in both civil and criminal contempt charges.  <u>Rose</u>, *supra*, 806 F.2d at 933.  The Trustees respectfully request the Court to set an Order to Show Cause, requiring Frank Colaruotolo to show good cause as to why a contempt order should not be issued.

## 3. THE TRUSTEES ARE ENTITLED TO THEIR REASONABLE EXPENSES INCURRED IN BRINGING THIS APPLICATION, INCLUDING ATTORNEY'S FEES.

Fed. R. Civ. Proc. 37(a)(4) and (b)(2) "allow the award of fees and expenses incurred both as a result of the [contemnor's] contempt and in obtaining the order compelling discovery."  <u>Richmark Corp.</u>, *supra*, 959 F.2d at 1482.  The Trustees incurred $675.00 for legal fees appearing for the examination before Judge McDermott on January 8, 2013, and $550.00 for legal fees associated with the filing of this application.  There is absolutely no legal justification for Frank Colaruotolo's failure to comply with the Court's order, and the Trustees should be granted their reasonable expenses incurred in connection with this application, including attorney's fees.  This amounts to $1,225.00.  Decl. Moorhead, ¶ 5.

## 4. CONCLUSION.

The Trustees respectfully request that this Court issue an Order directing Frank Colaruotolo to show cause why he should not be held in contempt of Court for failing to comply with this Court's Order for Appearance, and pay the Trustees' their reasonable attorney's fees of $1,225.00.  A Proposed Order setting a hearing for March 25, 2013, and requiring that the Trustees serve the Order on Frank Colaruotolo, is lodged concurrently with this Application.

Respectfully Submitted:

Dated: January 14, 2013     LAQUER, URBAN, CLIFFORD & HODGE LLP

By: */S/ - J. Paul Moorhead*
J. Paul Moorhead, Counsel for Plaintiffs Trustees of the Southern California IBEW-NECA Pension Plan, et al.